IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LEE ANDREW POSS, | ) |
| | ) Civil Action No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| FLUOR MAINTENANCE SERVICE, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff Lee Andrew Poss (hereinafter "Plaintiff" or "Poss"), by and through undersigned counsel, and files this, his Complaint for Damages against Defendant Fluor Maintenance Services, Inc. ("Defendant" or "Flour"), and respectfully shows the Court as follows:

## I. NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices and Retaliation against Plaintiff for his complaints of Gender Discrimination/Gender Stereotyping in violation of his civil rights, more fully described herein.

1

2.

This action seeks declaratory relief, compensatory and actual damages for Defendant's violations of Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

## II.  JURISDICTION AND VENUE

3.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f), 29 U.S.C. §216(b), and 28 U.S.C. §1343(a)(4).

4.

Defendant is a foreign profit corporation residing in this District, and the unlawful employment practices alleged in this Complaint were committed within this District.

5.

Therefore, in accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000e-5(f), venue is appropriate in this Court.

### III. <u>PARTIES</u>

6.

During Plaintiff's employment with Defendant, and at all times material hereto, Plaintiff was a resident of the State of Georgia and is subject to the jurisdiction of this Court.

7.

Defendant is a foreign profit corporation licensed to do business in Georgia, and at all times material hereto Defendant has conducted business within this District.

8.

Defendant Fluor can be served with process at Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

9.

Defendant is now and, at all times relevant hereto, has been a foreign corporation engaged in an industry affecting commerce.

10.

During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII; Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(a).

## IV.   <u>ADMINISTRATIVE PROCEDURES</u>

### 11.

Plaintiff timely filed a charge of discrimination on March 29, 2017, against Defendant with the Equal Employment Opportunity Commission (hereinafter "EEOC").

### 12.

The EEOC issued a "Notice of Right to Sue" on July 13, 2017, entitling an action to be commenced within ninety (90) days of Plaintiff's receipt of that notice.

### 13.

Plaintiff timely initiated this action with this court within ninety (90) days of receipt of the Notices of Right to Sue from the EEOC.

## V.   <u>FACTUAL ALLEGATIONS</u>

### 14.

Defendant hired Mr. Poss on or about September 28, 2016, as a Boilermaker.

### 15.

On August 2, 2016, Mr. Poss sent pictures of himself dressed as a woman to a co-worker, Demario.

16.

On September 28, 2016, Mr. Poss returned to work after a summer work shutdown.

17.

On October 3, 2016, Mr. Poss began to hear name calling regarding his desire to identify as the female gender.

18.

Mr. Poss was subjected to severe and pervasive discrimination based on his sexual/gender identity and sexual non-conformity.

19.

Mr. Poss was called derogatory names based on his identifying as a female and sexual non-conformity.

20.

Mr. Poss requested that he be transferred as a result of the discriminatory treatment and hostile work environment.

21.

Defendant refused to transfer Mr. Poss and isolated him to working in a trailer.

22.

On October 10-11, 2016, Mr. Poss missed work after suffering from severe depression as a result of the treatment he was enduring at work.

23.

On October 12, 2016, Mr. Poss was taken off his crew because other employees refused to work with him.

24.

Other employees would also refuse to give Mr. Poss a ride in to the plant from the gate causing Mr. Poss to be late.

25.

On October 12, 2106, Mr. Poss complained to one his foreman, Terry Melton, about the harassment and hostile work environment he was enduring.

26.

Mr. Poss' foreman, Terry Melton, refused to take any action.

27.

Mr. Poss also complained to Defendant's safety manager, Sean McNulty, and his superintendent regarding the harassment and hostile work environment he was enduring.

28.

Mr. Poss' safety manager and superintendent refused to take any action.

29.

On October 13, 2016, Mr. Poss requested a lay-off which would allow him to move to a new work location.

30.

On October 13, 2016, Mr. Poss was sent to an office trailer while Defendant figured out what to do with him.

31.

On October 13, 2016, Mr. Poss was threatened by his manager, Gene Suits, that he would be accused of drug allegations and terminated if he wrote out an affidavit regarding his harassment and hostile work environment.

32.

On October 17, 2016, Mr. Poss met with a HR Representative in the trailer he was held in for 3 days.

33.

On October 18, 2016, Mr. Poss went to the hospital with a gallbladder issue and notified his manager that he would return to work on October 20, 2016.

34.

On October 20, 2016, Mr. Poss returned to work and was sent home and told to bring back approval from his doctor to return to work.

35.

Mr. Poss notified his manager that it would take 3-5 days in order to get an approval from his doctor.

36.

On October 24, 2016, Defendant notified Mr. Poss that he was being terminated for not returning to work.

37.

Mr. Poss was terminated on or about October 25, 2016.

38.

Defendant chose not to take reasonable steps to prevent discrimination from occurring, despite its knowledge of its employee's propensity for discrimination.

39.

Defendant failed to take appropriate remedial actions to correct the discrimination.

40.

Others outside of Plaintiff's protected class were treated differently.

8

41.

Defendant's reasons for Mr. Poss' termination were pretextual.

42.

Defendant's reasons for Mr. Poss' termination were retaliation for Mr. Poss'

prior complaints of discrimination in the workplace.

## VI.   CLAIMS FOR RELIEF

## COUNT ONE:  DISCRIMINATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

43.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

44.

Defendant's actions in terminating Plaintiff's employment constitutes

unlawful discrimination on the basis of his sex/sexual identity/sexual non-

conformity in violation of Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. § 2000e et seq.

45.

Defendant willfully and wantonly disregarded Plaintiff's rights, and their

discrimination against Plaintiff was undertaken in bad faith.

46.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect his status as an employee because of his gender identity and sexual non-conformity.

47.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

48.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination and retaliation.

## COUNT TWO:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

49.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

50.

Defendant subjected Plaintiff to an adverse employment action when Defendant failed to accommodate Plaintiff's request for a transfer away from this plant after Plaintiff complained of discrimination, the retaliation by his co-workers and management, and ultimate  termination.

10

51.

There was a causual connection between the protected conduct and the adverse action.

52.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

53.

Defendant, therefore, is liable for the damages caused proximately by its retaliation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for relief as follows:

(a)     General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)     Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)     Reasonable attorneys' fees and expenses of litigation;

11

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and,

(i)     All other relief to which he may be entitled.

Respectfully submitted this 9th day of October 2017.

**BARRETT & FARAHANY**

s/TK Smith
Tequiero M. "TK" Smith
Georgia Bar No. 199325
*Attorney for Plaintiff Lee Andrew Poss*

1100 Peachtree Street, NE, Ste. 500
Atlanta, GA 30309
(404) 214-0120
tksmith@justiceatwork.com

12